UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA ALLEN, Individually as Representative of the Estates of A.C.S., A.T.S., and T.A.S | § § § § | |
| Plaintiff, | § § | Civil Action No.: 3:17-cv-01940-C |
| V. | § § | |
| WILKINSON CORPORATION (d/b/a and/or a/k/a MACARTHUR PLACE AT 183), WTH PROPERTIES LLC (d/b/a and/or a/k/a MACARTHUR PLACE AT 183), WILKINSON ASSET MANAGEMENT LLC d/b/a and/or a/k/a MACARTHUR PLACE AT 183), and ANA MARIA FERRER, | § § § § § § § § § § | The Honorable U.S. District Senior Judge Sam R. Cummings |
| Defendants. | § § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff Patricia Allen, Individually and as Personal Representative of the Estates of A.C.S., A.T.S., and T.A.S., files this First Amended Complaint complaining of Defendants Wilkinson Corporation (d/b/a and/or a/k/a MacArthur Place at 183), WTH Properties LLC (d/b/a and/or a/k/a MacArthur Place at 183), Wilkinson Asset Management LLC (d/b/a and/or a/k/a MacArthur Place at 183), and Ana Maria Ferrer, and respectfully states as follows:

# I. PARTIES

1.   Plaintiff Patricia Allen resides in Dallas County, Texas.

2.   Defendant Wilkinson Corporation (d/b/a/ and/or a/k/a MacArthur Place at 183) ("Wilkinson Corporation") is a foreign for-profit corporation doing business in Dallas County, Texas. Service of process may be had upon Defendant Wilkinson Corporation by serving a citation on its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **This defendant is before this Court.**

3.   Defendant WTH Properties LLC (d/b/a and/or a/k/a MacArthur Place at 183) ("WTH Properties LLC") is a foreign limited liability company doing business in Dallas County, Texas. Service of process may be had upon Defendant WTH Properties LLC by serving a citation on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **This defendant is before this Court.**

4.   Defendant Wilkinson Asset Management LLC (d/b/a and/or a/k/a MacArthur Place at 183) ("Wilkinson Asset Management LLC") is a foreign limited liability company doing business in Dallas County, Texas. Service of process may be had upon Defendant Wilkinson Asset Management LLC by serving a citation on its registered agent Corporation Service Company d/b/a CSC – Lawyers

Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **This defendant is before this Court.**

5.     Defendant Ana Maria Ferrer resides at 2336 N. MacArthur Boulevard, Apartment 114, Irving, Texas 75062. Service of process may be had upon Defendant Ana Maria Ferrer by serving a citation at her place of residence, or wherever she may be found. **This defendant is before this Court.**

## II.  VENUE AND JURISDICTION

1.     Plaintiff contends that venue is proper in Dallas County pursuant §15.0001 *et seq.* of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the cause of action occurred there and because Defendant Ana Maria Ferrer is a resident of Dallas, County.

2.     The amount in controversy exceeds the minimum jurisdictional limits of this court.

## III.  FACTS

1.     Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer were the owners, operators, and/or managers of the apartment complex MacArthur Place at 183 located in Irving, Dallas County, Texas.

2.     On or about June 24, 2015, Plaintiff and her minor children, including A.C.S., A.T.S., and T.A.S, went to the swimming pool located at Defendants

Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer's premises.

3. Prior to entering the swimming pool, Plaintiff's boyfriend contacted the property management office to confirm that Plaintiff and her children could swim in the pool at that time. Defendant Ana Maria Ferrer, the community manager of the premises in question, answered the call and confirmed to Plaintiff's boyfriend that Plaintiff and her children could swim in the pool at that time.

4. At all relevant times, the swimming pool on the premises was murky and cloudy; the bottom of the swimming pool was not visible. The main drain of the swimming pool was not visible.

5. While in the pool, A.C.S., A.T.S., and T.A.S. disappeared beneath the water. Rescue of A.C.S., A.T.S., and T.A.S. was delayed because of the condition of the water in the swimming pool.

6. Eventually, A.C.S., A.T.S., and T.A.S. were found unconscious in the swimming pool, and died from their injuries.

7. At all relevant times, the swimming pool in question was open and available for use by Defendants' tenants and tenants' guests.

8. At all relevant times, Plaintiff, A.C.S., A.T.S., and T.A.S. were Defendants' tenants and/or guest of Defendants' tenants.

9. At all relevant times, the condition of the swimming pool in question posed an unreasonable risk of harm.

10. At all relevant times, Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer knew or should have of the danger posed by the condition of the swimming pool in question.

11. At all relevant times, Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer failed to adequately warn Plaintiff and her minor children of the condition in question and/or failed to make the swimming pool in question reasonably safe.

12. At all relevant times, Defendant Ana Maria Ferrer was the Community Manager of the apartment complex in question. At all relevant times, Ana Maria Ferrer was the employee, agent, servant, and/or representative of Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC.

13. The negligent acts and omissions of Defendants, as set out herein, separately and collectively, and otherwise, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by A.C.S., A.T.S., T.A.S., and Plaintiff.

# IV. CAUSES OF ACTION AGAINST DEFENDANTS

## A. Premises Liability

1. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management, and/or Ana Maria Ferrer were owners, operators, possessors, and/or occupants of the premises, including the swimming pool, in question.

2. Plaintiff, A.C.S., A.T.S., and A.T.S. were invitees of Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management, and/or Ana Maria Ferrer.

3. The murky swimming pool with limited visibility on Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management, and/or the premises managed by Ana Maria Ferrer posed an unreasonable risk of harm.

4. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer knew or reasonably should have known of the danger posed by the condition of the swimming pool in question.

5. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer breached their duty of ordinary care because they failed to adequately warn Plaintiff and her minor children of the dangerous condition of the swimming pool and/or close the swimming pool, and/or because they failed to make the swimming pool reasonably safe.

6.    Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer breaches proximately caused A.C.S., A.T.S., T.A.S., and Plaintiff's injuries and damages.

### B.    Negligence and Negligence *Per Se*

7.    Plaintiff would show the Court that statutory violation by Defendants Wilkinson Corporation, Wilkinson Asset Management, WTH Holdings LLC, and/or Ana Maria Ferrer, separately and collectively, and the negligent acts and omissions of Defendants Wilkinson Corporation, Wilkinson Asset Management, WTH Holdings LLC, and/or Ana Maria Ferrer, separately and collectively, or otherwise, were a direct and proximate cause of the incident in questions and Plaintiffs' resulting injuries and damages.

8.    The violations of local and state law, which constitutes negligence *per se* include, but are not limited to:

    a.    Defendants permitting the swimming pool at the premises in question to remain open despite the fact that the pool bottom and/or main drain was not clearly visible at all relevant times, in violation of 25 TAC §265.203(b).

9.    Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer violated Chapter 25 section 265.203(b) of the Texas Administrative Code by permitting the swimming pool at the premises to remain open despite the fact that the pool bottom and/or main drain was not clearly visible at all relevant times.

10. Chapter 25 section 265.203(b) of the Texas Administrative Code is intended to protect swimmers and/or others near swimming pools from dangerous swimming pool conditions, which could cause and/or increase likelihood of injury. Plaintiff, A.C.S., A.T.S., and T.A.S—swimmers at the pool in question—belong to the class of persons intended to be protected by Chapter 25 section 265.203(b) of the Texas Administrative Code.

11. As a result of Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer conduct in violation of Chapter 25 section 265.203(b) of the Texas Administrative Code, A.C.S., A.T.S., and T.A.S. suffered injuries and damages culminating in their deaths and Plaintiff suffered damages. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer violation of Chapter 25 section 265.203(b) of the Texas Administrative Code constituted negligence *per se* that proximately caused Plaintiffs' injuries and damages.

12. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer had a duty to close the swimming pool in question when it was not in a safe condition, including when the water was murky and the bottom of the swimming pool was not visible; and to prohibit—not invite—individuals to use the swimming pool when it was in an unsafe condition.

13. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer were negligent in permitting the swimming pool on their premises to remain open when the water was murky and the bottom of the swimming pool was not visible.

14. Defendant Ana Maria Ferrer was negligent in telling Plaintiff's boyfriend that the swimming pool in question was open and that Plaintiff and her children could use the swimming pool despite the fact that the pool was in a dangerous condition and should not have been open to the public or any swimmers at all relevant times.

15. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer breached their duties owed to Plaintiff and her children by failing to close the swimming pool in question and by affirmatively stating that the pool was open and available for use by Plaintiff and her children at all relevant times.

16. As a direct and proximate cause of Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer's conduct as described above, A.C.S., A.T.S., and T.A.S. suffered injuries and damages culminating in their deaths and Plaintiff suffered damages. Defendants Wilkinson Corporation, WTH Holdings LLC, Wilkinson Asset Management LLC, and/or Ana Maria Ferrer's breach of their duties owed to Plaintiff, A.C.S., A.T.S.,

and T.A.S. constitutes negligence that proximately caused, A.C.S., A.T.S., and T.A.S. injuries culminating in their deaths and Plaintiff's damages.

17. The negligent acts and omissions of the Defendants, as set out, separately and collectively, or otherwise, directly and proximately caused the incident in question and Plaintiff's injuries and damages.

## C.   Respondeat Superior

18. Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC, are responsible for the acts and omissions of its employees, representatives, agents, and/or servants, including but not limited to Ana Maria Ferrer, committed while in the course and scope of employment, or committed towards the furtherance of business interests for Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management.

19. Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC's employees, representatives, agents, and/or servants, including but not limited to Ana Maria Ferrer, were acting within the course and scope of their employment, and acting in furtherance of the business interests of Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC at all relevant times.

20. Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC's employees, agents, representatives, and/or

servants, including but not limited to Ana Maria Ferrer's, acts and omissions while acting within the course and scope of employment, and in the furtherance of the business interests of Defendant Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC were a proximate cause of Plaintiff's injuries and damages.

21. Alternatively, Defendants Wilkinson Corporation, WTH Holdings LLC, and/or Wilkinson Asset Management LLC ratified their employees, agents, representatives, and/or servant, including but not limited to Ana Maria Ferrer's, acts and/or omissions, which were a proximate cause of Plaintiffs' injuries and damages.

## V. DAMAGES FOR PLAINTIFF INDIVIDUALLY

1. Plaintiff is the mother of the decedent, A.C.S. As a result of the death of her son, Plaintiff suffered severe mental anguish in the past and in all reasonable probability will continue in the future; and loss of companionship, society, services, advice, love, comfort, assistance, support, familial consortium, and counsel sustained in the past and which in all reasonable probability will continue in the future.

2. Plaintiff is the mother of the decedent, T.A.S. As a result of the death of her son, Plaintiff suffered severe mental anguish in the past and in all reasonable probability will continue in the future; and loss of companionship, society, services, advice, love, comfort, assistance, support,

familial consortium, and counsel sustained in the past and which in all reasonable probability will continue in the future.

3. Plaintiff is the mother of the decedent, A.T.S. As a result of the death of her daughter, Plaintiff suffered severe mental anguish in the past and in all reasonable probability will continue in the future; and loss of companionship, society, services, advice, love, comfort, assistance, support, familial consortium, and counsel sustained in the past and which in all reasonable probability will continue in the future.

## VI.   DAMAGES FOR PLAINTIFF AS REPRESENTATIVE OF THE ESTATE OF A.C.S.

1. Plaintiff is the Personal Representative of the late A.C.S. and his Estate. As the Personal Representative, Plaintiff is entitled to collect compensation on behalf of the late A.C.S. for certain damages he suffered as a result of the occurrence in question.

2. A.C.S.'s damages include conscious physical pain and suffering and mental anguish, reasonable and necessary healthcare expenses, and reasonable funeral and burial expenses.

## VII. DAMAGES FOR PLAINTIFF AS REPRESENTATIVE OF THE ESTATE OF T.A.S.

1. Plaintiff is the Personal Representative of the late T.A.S. and his Estate. As the Personal Representative, Plaintiff is entitled to collect compensation on

behalf of the late T.A.S. for certain damages he suffered as a result of the occurrence in question.

2.  T.A.S.'s damages include conscious physical pain and suffering and mental anguish, reasonable and necessary healthcare expenses, and reasonable funeral and burial expenses.

## VIII. DAMAGES FOR PLAINTIFF AS REPRESENTATIVE OF THE ESTATE OF A.T.S.

1.  Plaintiff is the Personal Representative of the late A.T.S. and her Estate. As the Personal Representative, Plaintiff is entitled to collect compensation on behalf of the late A.T.S. for certain damages she suffered as a result of the occurrence in question.

2.  A.T.S.'s damages include conscious physical pain and suffering and mental anguish, reasonable and necessary healthcare expenses, and reasonable funeral and burial expenses.

## IX. EXEMPLARY DAMAGES

1.  Plaintiff's injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages.

## X. CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

1.  Plaintiff claims interest in accordance with applicable law.

## XI. JURY DEMAND

1.  Plaintiff requests a jury trial of this matter.

## XII. **PRESERVATION**

Defendants are hereby given notice, again, that any document or other items or materials, including electronically stored information, that may be evidence or relevant to any issue in this case, is to be preserved in its present form until this litigation is concluded.

## XV.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover all his damages as specified above from Defendant(s), (jointly and severally), plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

 */s/ Lacey Turley Most*
Lacey Turley Most
State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
laceym@wturley.com,  davette@wturley.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 11th day of August, 2017, a true and correct copy of the foregoing document was forwarded to all counsel of record, when filed in the Court's CM/ECF filing system.

                                      */s/  Lacey Turley Most*
                                      Lacey Turley Most