IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICIA ALLEN, *individually and as representative of the Estates of A.C.S., A.T.S., and T.A.S.*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILKINSON CORPORATION, et al., | ) ) |
| Defendants. | ) Civil Action No. 3:17-CV-1940-C |

## **ORDER**

This Court, duty-bound to examine its own jurisdiction, previously noted that several Defendants in this case are LLCs and that no information had been provided regarding the members of those LLCs, making it impossible to determine whether federal subject-matter jurisdiction exists. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."). The Court therefore ordered Defendants to show cause why this case should not be remanded for lack of subject-matter jurisdiction.[1] Order, ECF No. 15.

After an additional order from the Court to clarify the citizenship of several business trust members (Order, ECF No. 18) and two extensions allowing additional time to respond, Defendant WTH Properties, LLC submitted its Third Amended Response on March 9, 2018. WTH Properties, LLC now informs the Court that its sole member is WTH Property Holdings,

---

[1] "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016).

LLC. Among that LLC's several members is Wilkinson Value Fund Twelve, LLC, which in turn has at least two individual members who are Texas residents. Given the Texas residency of the Plaintiff, Patricia Allen, the Court is of the opinion that complete diversity does not exist among the parties and the Defendants have therefore failed to establish the existence of federal diversity jurisdiction. *See Harvey*, 542 F.3d at 1080; 28 U.S.C. § 1332.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, the above-styled and -numbered civil action is now **REMANDED**, *sua sponte*, to the 101st Judicial District Court of Dallas County, Texas. The following motions remain pending and will be left to the state court to address on remand: (1) Plaintiff's Motion to Quash and Motion for Protection, filed November 27, 2017; and (2) Defendants' Motion to Compel Production, filed December 1, 2017.

The Clerk of the Court shall mail a certified copy of this Order to the District Clerk of Dallas County, Texas.

SO ORDERED this 9th day of March, 2018.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE